**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 29 2001**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

ELIZABETH H. COOK, FRANK
BOWDEN, and JAMES COOPER,

Plaintiffs - Appellants,

v.

JIM BACA, in his capacity as Mayor
of the City of Albuquerque and CITY
OF ALBUQUERQUE,

Defendants - Appellees.

No. 00-2180
(D. Ct. No. CIV-99-322-BB)
(D. N. Mex.)

## ORDER AND JUDGMENT *

Before **TACHA** , Chief Judge, **LUCERO** , Circuit Judge, and **BROWN** ,† District
Judge.

Appellants appeal the district court's grant of summary judgment against

them on their First Amendment claims. We exercise jurisdiction pursuant to 28

U.S.C. § 1291 and affirm.

I.

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

†Honorable Wesley E. Brown, Senior District Judge for the District of
Kansas, sitting by designation.

The appellants are members of a government watchdog group called Concerned Citizens of Albuquerque. The appellants opposed a transportation tax proposal which came before the citizens of Albuquerque for approval on March 31, 1999. Appellee Jim Baca, the mayor of Albuquerque, was a supporter of the proposed tax.

Albuquerque provides its citizens with water service and mails a monthly billing statement to those who utilize the city's water service. Every water bill provides a space for the mayor of Albuquerque to address a short informational message to the city's citizens. On the March, 1999 water bill, Mayor Baca used the space to advocate the passage of the transportation tax.

On March 25, 1999, the appellants filed suit in federal district court alleging that Mayor Baca and the city of Albuquerque had violated their rights under the First Amendment of the Constitution. On July 27, 1999, the appellants requested access to the water bill in order to distribute a political message of their own. The city denied the appellants access to the bill. Subsequently, the appellants filed a supplemental complaint alleging further violations of their First Amendment rights. Cross motions for summary judgment were filed and, on April 25, 2000, the district court granted the appellees' motion and dismissed the case. This appeal followed.

II.

We review a district court's grant of summary judgment de novo applying the same legal standard applicable in the district court.     St. Charles Inv. Co. v. C.I.R., 232 F.3d 773, 775 (10th Cir. 2000).

The appellants argue that the mayor's message on the water bill and the city's refusal to place the appellants' own message on the bill amounted to: (1) an unconstitutional denial of free speech; (2) unconstitutional viewpoint discrimination; (3) unconstitutional prior restraint; and (4) an unconstitutional use of public funds.  The district court held that the water bill was a non-public forum, and thus the government's speech restraint was subject only to a reasonableness analysis.  The court further found that restricting the water bill message exclusively to the mayor of the city was reasonable.  Ancillary to this, the court found that the restriction was not based on viewpoint discrimination, but rather on a policy restricting access to the particular non-public forum to the mayor alone.  The court went on to rule that even if the restriction operated as a prior restraint, the prior restraint was constitutional because the forum was non-public and the restraint was reasonable.  Finally, the district court found that government funds are inevitably used to promote government objectives that are contrary to certain taxpayers' beliefs and convictions.  Where government funds are used for minimal advocacy of a government initiative, there is no ominous threat to the First Amendment and thus no violation.

For substantially the same reasons given by the district court, we agree that the appellants' First Amendment rights were not violated by the actions of the appellees. Accordingly, the district court's grant of appellees' motion for summary judgment is AFFIRMED.

ENTERED PER CURIAM